NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3748-15T4

PAUL MASLOW,

    Plaintiff-Respondent,

v.

RICHARD DONATO and
LISA KENNARD,

    Defendant-Appellant.

_____

Submitted May 16, 2017 — Decided September 29, 2017

Before Judges Reisner and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Atlantic County, Docket No. L-0162-16.

Keith T. Smith, attorney for appellant.

Kristopher J. Facenda, attorney for respondent.

The opinion of the court was delivered by

SUMNERS, J.A.D.

Defendants Richard Donato and Lisa Kennard leased a home from
plaintiff Paul Maslow that resulted in an eviction complaint in
the Special Civil Part based upon non-payment of rent and utility

bills.  The parties entered into a settlement agreement that was incorporated into a consent judgment.[1]  The agreement set forth the parties' respective responsibilities for a short sale of the property to defendants, and defendants' obligations: to make certain payments to plaintiff, make timely repairs to damages caused by a broken water pipe that would authorize plaintiff's insurance company to release holdback monies, and to place utility accounts in their names.

About three months later, plaintiff sought defendants' eviction because they breached the settlement agreement by failing to pay rent.  In response, defendants filed an order to show cause, and successfully moved to transfer the matter to the Law Division.

Plaintiff subsequently moved to enforce the settlement agreement, requesting the court to issue a warrant for removal because defendants' breached provisions of the settlement agreement.  A hearing, where the parties testified and presented documentary evidence, resulted in the court's determination that defendants breached provisions of the settlement agreement and that a warrant for removal shall issue.[2]  Defendants' motion for

_____

[1] This superseded an agreement reached three weeks earlier.

[2] The hearing was conducted by the same judge who presided over the dispute when it was a landlord/tenant eviction action in Special Civil Part.

reconsideration was denied, but their request to stay issuance of the warrant was granted for a month provided they paid monthly rent.

After defendants appealed, the court granted their request to continue the stay pending appeal as long as they paid $1500 monthly rent and satisfied other conditions. We affirm defendants' eviction because they failed to pay rent and a utility bill as required under the consent judgment.

We first address defendants' challenge to evidentiary rulings by the trial court. We review these evidentiary rulings for abuse of discretion. Townsend v. Pierre, 221 N.J. 36, 53 (2015). To establish that plaintiff had no right to evict them, defendants argue the trial court should have allowed evidence that plaintiff did not have a certificate of occupancy (C.O.) for the property in violation of a municipal ordinance.[3] We disagree.

The court determined that the C.O. evidence was not relevant because the issues presented involved enforcement of the settlement agreement, which allowed for eviction if certain conditions were not satisfied, not whether plaintiff violated occupancy requirements. See N.J.R.E. 401; N.J.R.E. 402. Any defense related to the lack of a C.O. was waived when defendants

---

[3] Atlantic City Ordinance §163-216.

entered into the settlement agreement. Moreover, even though a municipal ordinance requires a C.O. before a premises may be occupied, the lack thereof does not automatically void a lease, unless other factors require voidance. See McQueen v. Brown, 342 N.J. Super. 120, 128 (App. Div. 2001), aff'd 175 N.J. 200 (2002). And defendants do not seek to void the lease, but want to avoid eviction and remain in the property.

Also without merit is defendants' contention that under N.J.S.A. 2A:18-55,[4] the trial court's jurisdiction to evict them ended when they paid $8000 in past due rent in accordance with the settlement agreement. Since the parties' settlement agreement required the payment and other conditions after the payment was made, defendants' reliance on the statue is misplaced.

Hence, the crux of this appeal turns on whether defendants' breached material terms of the consent judgment that justifies the trial court's order to evict them. We "give deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions." Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (citing Rova Farms Resort, Inc.

---

[4] If . . . the tenant . . . shall at any time on or before entry of final judgment, pay to the clerk of the court the rent claimed to be in default, together with the accrued costs of the proceedings, all proceedings shall be stopped[.] N.J.S.A. 2A18-55.

v. Inv'rs Ins. Co., 65 N.J. 474, 483-84 (1974)).  Reviewing courts "should 'not disturb the factual findings and legal conclusions of the trial [court]' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'"  Ibid. (quoting Rova Farms, supra, 65 N.J. at 484).  Review on appeal "does not consist of weighing evidence anew and making independent factual findings; rather, our function is to determine whether there is adequate evidence to support the judgment rendered at trial."  Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999) (citing State v. Johnson, 42 N.J. 146, 161 (1964)).

We, however, owe no deference to the "trial court's interpretation of the law and the legal consequences that flow from established facts."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).  And we consider de novo, the trial court's "interpretation of a contract." Kieffer v. Best Buy, 205 N.J. 213, 222 (2011).

The Consent Judgment here provided that if defendants failed: "TO MAKE ANY PAYMENT THAT IS REQUIRED IN PARAGRAPH 2b OF THIS AGREEMENT, [DEFENDANTS] MAY BE EVICTED AS PERMITTED BY LAW AFTER THE SERVICE OF THE WARRANT OF REMOVAL."  Paragraph 2b referred to the parties' attached settlement agreement, which was hand-

5                                    A-3748-15T4

written[5] and captioned "Other Provisions." The following paragraphs of the agreement are relevant to the trial court's findings:

> 2. Defendants shall pay to Plaintiff . . . $1,500 per month . . . on the 1st day of each month[.]
>
> 3. Defendants shall complete all repairs required by Plaintiff's insurance company in a workmanlike manner and in a manner acceptable to the insurance company by 9/11/15 so that plaintiff may obtain the full balance of any and all insurance holdback monies. Defendants shall notify plaintiff by text message when repairs are complete. Defendants shall allow Plaintiff and Plaintiff's public adjuster and insurance reps access to complete all required insurance inspections. Failure of the insurance company to accept said repairs before 9/18/15 shall be a breach of this settlement agreement by Defendants.
>
> Within 20 days of Plaintiff receiving above insurance holdback monies, Plaintiff shall apply a $1,500 credit towards rent owed by Defendants. This credit shall be for materials used for repairs for insurance monies and shall not exceed $1,500 and shall be in the amount of Defendants' actual material expenses based upon receipts given to Plaintiff.
>
> 4. The parties agree to negotiate an Agreement of Sale for the Short Sale approval of the subject Property. This agreement of Sale shall provide that Defendants shall have a period of 45 days to obtain a mortgage commitment from a lender of Defendants['] choice. . . .

---

[5] Making the terms challenging to understand.

Failure to obtain this commitment within 95 days by (illegible), defendants or plaintiff may cancel the Sales Agreement.

5. Tenant/Defendant shall place all utilities (electric, water and sewer) in Defendants['] name on or before 9/15/15. Plaintiff hereby authorizes said utility transfer and will sign additional authorizations needed provided there is no cost to Plaintiff. Tenant shall pay all balances on all utilities at the time of the transfer. Failure to pay and switch utilities as above shall be a breach of this settlement agreement. Tenant shall notify plaintiff of this change.

. . . .

8. Upon full compliance of this Settlement Agreement, the Parties agree to execute a month to month lease with rent of $1,500.00

9. This court shall retain jurisdiction of this action and the enforcement of this settlement agreement and Defendants['] monetary and non-monetary obligations hereafter. All obligations hereafter shall be enforceable through closing of the short sale referenced above. Plaintiff shall not have to file a new action and tenant waives the right to claim same.

Based upon our review of the record, we conclude that while the trial court was mistaken in finding defendants breached the settlement agreement by not putting the water and sewer account in their names and not keeping repair receipts for the insurance company, there is support for the court's findings that defendants

7

breached other material provisions of the agreement thereby warranting eviction.

Donato testified that the water and sewer account could not be placed in defendants' names as required by paragraph five of the agreement because they did not own the property. His counsel sought to have the court take judicial notice of the utility's administrative regulation evidencing the assertion and indicated he would submit the regulation to the court. In its oral decision, the court found there was no competent evidence to support the assertion. We disagree. There was no determination by the court that Donato's testimony was not credible, and given that the court issued its oral decision at the conclusion of the hearing, it appears the court never considered the regulation. Hence, we conclude paragraph five was not breached.

We also conclude there was no breach of the settlement agreement through defendants' failure to provide receipts for the water pipe repair to the insurance company to enable the release of "insurance holdback monies." The only mention of defendants' duty to retain receipts is in paragraph three of the agreement, which pertains to defendants' ability to receive a $1500 rental credit. Since the agreement does not impose such obligation on defendants, paragraph three was not breached.

A-3748-15T4

While the record supports the court's determination that defendants did not make timely repairs, the consent judgment does not provide that such a breach can result in defendants' eviction. The consent judgment calls for eviction only if defendants fail to make the agreed-upon payments.

These errors, however, are harmless because the record supports the court's findings that defendants failed to make required payments. See R. 2:10-2. As the court found, defendants failed to pay the water and sewer bill balance down to zero as required by paragraph five, and had not paid all rent that was due as required by paragraph two. Under the terms of the consent judgment, defendants' failure to make these payments allowed plaintiff to move before the court to evict defendants without having to file a new action. Thus, issuance of the warrant for removal was appropriate. Accordingly, the court's stay of the warrant of removal shall be vacated.

Finally, defendants' contention that plaintiff's breaches of the consent judgment bar him from seeking their eviction is without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Because we affirm the order on appeal, the trial court's June 15, 2016 order granting defendants a stay of eviction is hereby vacated. The parties' respective motions concerning the stay are dismissed as moot.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3748-15T4